IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES JOSEPH WATHEN,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 06-cv-4014-JPG** |
| vs. ) | |
| ) | **CRIMINAL NO. 02-cr-40053** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner entered a plea of guilty to three counts involving the manufacture and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of maintaining a residence for the purpose of manufacturing methamphetamine, in violation of 21 U.S.C. § 856(a)(1), and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On December 10, 2003, Petitioner was sentenced to 228 months imprisonment, five years supervised release, a special assessment of $500, and a fine of $250. Petitioner was also required to pay $5,221.00 in restitution. No appeal was taken; this section 2255 motion was filed on January 13, 2006.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and

to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ II-11 (Doc. 219, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

Petitioner states four grounds for relief: 1) that the Supreme Court's holding in *United States*

*v. Booker*, 543 U.S. 220 (2005), renders his motion timely, 2) that he received ineffective assistance of counsel because counsel failed to argue against the Court's drug quantity determination, 3) that he received ineffective assistance of counsel because his counsel failed to challenge the sufficiency of the evidence regarding the firearm charge, and 4) based on *Booker*, Petitioner's sentence was illegally enhanced by judicially-determined facts.  The Seventh Circuit has held that the holding in *Booker* does not apply retroactively to convictions that were final prior to the *Booker* decision.  *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  *See also Guzman v. United States*, 404 F.3d 139, 144 (2nd Cir. 2005) (*Booker* does not apply retroactively on collateral review); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (same); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (same); *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (same); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (same).  Petitioner does not contend that his sentence was not within the maximum provided for in the statute, nor does he contend that the Court relied upon any impermissible factors such as race or gender in determining his sentence.  Consequently, there is no basis in the record for avoiding this waiver.

Because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255.  Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: May 8, 2006**

    s/ J. Phil Gilbert
**U. S. District Judge**